UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO CAMPOS, CDCR #BE-2841,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>K.U.S.I. NEWS MEDIA,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:19-cv-01455-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 5]**<br><br>**AND**<br><br>**(3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

　　Plaintiff Alberto Campos, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* "Compl.," ECF No. 1 at 1.) Plaintiff claims a San Diego news organization defamed him by failing to "tileize" his face when airing a video recording of his sentencing hearing in San Diego Superior Court on August 22, 2017. (*Id.* at 3–4.) He seeks $80,000 in general and punitive damages. (*Id.* at 7.)

　　Plaintiff has not paid the filing fee required by 28 U.S.C. § 1914(a); instead, he has

1 filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2). Plaintiff has also filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 5).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report together with a prison certificate certified by an RJD accounting officer (ECF No. 3, at 1–3). *See* 28 U.S.C. § 1915(a)(2); Civ. L. R. 3.2. These statements show Plaintiff carried an average monthly balance of $6.70, had $6.67 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint, and maintained an available balance of only $0.15 at the time of filing. (*See* ECF No. 3 at 1, 3.)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, (ECF No. 2) and assesses his initial partial filing fee to be $1.34 pursuant to 28 U.S.C. § 1915(b)(1). Because he had insufficient funds with which to pay that amount at the time of filing, however, the Court will direct the Secretary of the of CDCR, or his designee, to collect the initial $1.34 filing fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel because he is indigent and unable to afford a lawyer. (*See* ECF No. 5, at 1.) There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited

discretion to "request" that an attorney represent an indigent civil litigant, this discretion may be exercised only under "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

As currently pleaded, Plaintiff's Complaint demonstrates neither the likelihood of success nor the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). First, while Plaintiff may not be formally trained in law, his allegations, as liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), show he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his purported claim, which does not appear to be legally complex. *Agyeman*, 390 F.3d at 1103. Second, for the reasons discussed more fully below, Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and it is simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim. *Id.*; *cf. Garcia v. Smith*, No. 10-cv-1187 AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (noting that even if a prisoner's claims survive the defendants' motion to dismiss, it may be "too early to determine the likelihood of success on the merits.").

Therefore, the Court finds no "exceptional circumstances" currently exist and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 5) without prejudice on that basis. *See, e.g.*, *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, and did not show likelihood of succeed on the merits).

///

## III. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B)

### A. Standard of Review [2]

Because Plaintiff is proceeding IFP pursuant to 28 U.S.C. § 1915(a), his Complaint is subject to a sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (holding pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals

---

[2] If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).

Here, Plaintiff claims K.U.S.I., a local news organization, defamed him when it broadcast a video recording of his criminal sentencing hearing. (*See* Compl. at 4.) Plaintiff does not seek redress from or name any governmental actors as a defendant. (*Id.* at 1–2.) Therefore, § 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review . . . for all complaints 'in which a prisoner seeks relief from a governmental entity . . .'" (quoting § 1915A(a))).

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. **Plaintiff's Allegations**

Plaintiff claims a San Diego Superior Court Judge ordered the news media to "tileize" his face when airing a video recording of his sentencing hearing on August 22, 2017. (*See* Compl., at 3.) He later learned, however, that Defendant "K.U.S.I. News Media" failed to comply with that order and "showed [his] face on national television." (*Id.*) Plaintiff claims Defendant's action amounted to "defamation of character" because the media made him look like a "racist monster," and "inspired the … judge to give [him] a harsh sentence." (*Id.* at 4.)

### C. **42 U.S.C. § 1983**

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and

statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

Here, under the first element, the only named Defendant, K.U.S.I. News Media, is not a person alleged to have acted under color of state law. "A civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law; plaintiffs do not enjoy Fourteenth Amendment protections against 'private conduct abridging individual rights.'" *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961)). Section 1983 liability attaches only to individuals "who carry a badge of authority of a State and represent it in some capacity." *Monroe v. Pape*, 365 U.S. 167 (1961), *overruled in part by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Generally, private parties do not act under color of state law and section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).

For private conduct to constitute governmental action, "something more" must be alleged. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982) ("Action by a private party pursuant to [§ 1983], without something more, [i]s not sufficient to justify a characterization of that party as a 'state actor.'"). Courts have used four different factors or tests to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *See id.*; *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989).

As currently pleaded, Plaintiff's Complaint fails to allege facts sufficient to plausibly show that K.U.S.I. News Media performed any public function traditionally reserved to the state, acted as a willful participant in joint action with government agents, was compelled or coerced by, or had any connection whatsoever with, the state when it allegedly failed to "tileize" Plaintiff's face in a video recording of his sentencing hearing. In fact, it appears K.U.S.I News Media has no connection to the state.

Further, under the second element, Plaintiff has not alleged the violation of any "right secured by the Constitution or laws of the United States." *See West*, 487 U.S. at 48 (citing 42 U.S.C. § 1983). Defamation is not actionable under § 1983. *See Paul v. Davis*, 424 U.S. 693, 699–701 (1976); *Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that libel and slander claims are precluded by *Paul*); *Char v. KHON*, No. 18-304-LEK-KJM, 2018 WL 5284191, at *1, *3 (D. Haw. Oct. 24, 2018) (dismissing plaintiff's section 1983 complaint sua sponte that alleged that three media outlets and their unidentified employees committed "slander/ defamation, reputational injury, [and] libel by broadcasting false information" about him on the nightly news after his arrest and during criminal proceedings).

Finally, Plaintiff may not rely on § 1983 as an independent, substantive claim. *See Cholla v. Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004). "[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1056 (9th Cir. 2002). Plaintiff's § 1983 suit fails if he does not allege a plausible violation of his federal constitutional or statutory rights. *Cholla*, 382 F.3d at 978.

For all these reasons the Court dismisses Plaintiff's Complaint in its entirety for failing to state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend his pleading deficiencies, if he can.[3] *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV. Conclusion and Orders

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $1.34 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz,

---

[3] The Court cautions Plaintiff that the gathering and dissemination of news from public sources is fully protected by the First Amendment. *See, e.g., Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 496 (1975). Thus, the press enjoys a nearly unfettered constitutional right, founded in the First Amendment, to report matters of public interest. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001) ("[N]o cause of action will lie for the publication of matters in the public interest, which rests on the right of the public to know and the freedom of the press to tell it."). Moreover, "[t]he commission of crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions, . . . are without question events of legitimate concern to the public." *Cox Broad. Corp.*, 420 U.S. at 492. "With respect to judicial proceedings in particular, the function of the press serves to . . . bring to bear the beneficial effects of public scrutiny upon the administration of justice." *Id.* at 491–92; *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014).

Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 5).

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **GRANTS** him leave to file an Amended Complaint which cures the deficiencies of pleading noted **on or before November 12, 2019**.

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), and his failure to prosecute in compliance with a court order requiring amendment.

**IT IS SO ORDERED**.

DATED: September 24, 2019

Hon. Cynthia Bashant
United States District Judge

10

3:19-cv-01455-BAS-AGS