UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO CAMPOS, CDCR #BE-2841,<br><br>Plaintiff,<br><br>vs.<br><br>K.U.S.I. NEWS MEDIA,<br><br>Defendant. | Case No.: 3:19-cv-01455-BAS-AGS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff Alberto Campos, currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. Section 1983. The Court granted Plaintiff's Motion to Proceed In Forma Pauperis ("IFP"), but dismissed Plaintiff's initial Complaint (ECF No. 1) for failing to state a claim pursuant to 28 U.S.C. Section 1915(e)(2) and granted Plaintiff leave to amend. (ECF No. 6.)

On November 13, 2019, Plaintiff filed his First Amended Complaint ("FAC"), reiterating his claim that a San Diego news organization defamed him and violated due process by failing to "tileize" his face when airing a video recording of his sentencing hearing in San Diego Superior Court on August 22, 2017. (*See* ECF No. 7, First Am.

Compl. at 3–4.)[1]

**I.  Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)**

   **A.  <u>Standard of Review</u>**

Because Plaintiff is proceeding IFP pursuant to 28 U.S.C. Section 1915(a), his Complaint is subject to a sua sponte review and mandatory dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity."[2]  *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. Section 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining whether a complaint states a

---

[1] The Court will refer to the page numbers as they are imprinted by the court's electronic case filing system.

[2] As the Court noted in its prior order, although 28 U.S.C. Section 1915A(a)'s screening provisions do not apply to Plaintiff's Complaint which seeks redress from only private actors, sua sponte review of the First Amended Complaint is required pursuant to 28 U.S.C. Section 1915(e)(2).  (*See* ECF No. 6, at 5 n.2.)

2

3:19-cv-01455-BAS-AGS

plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. <u>Plaintiff's Allegations</u>

Plaintiff claims a San Diego Superior Court Judge ordered the media to "tileize" his face when airing a video recording of his sentencing hearing on August 22, 2017. (*See* First Am. Compl. at 3–5.) He later learned, however, that Defendant "K.U.S.I. News Media" failed to comply with that order and broadcast his image "during various news hours." (*Id.* at 3.) Additionally, Plaintiff alleges that these broadcasts falsely stated that he pleaded guilty to a hate crime. (*See id.*) Plaintiff contends Defendant's actions amounted to "defamation of character" because the media made him look like "someone racist," which will affect him "for the rest of [his] life including employment opportunities," and violated due process in an unspecified manner. (*See id.* at 4–5.)

### C. <u>42 U.S.C. Section 1983</u>

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. Section 1983, a plaintiff must

allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

The Court dismissed Plaintiff's initial Complaint for failure to state a claim because, among other things, Defendant K.U.S.I. News Media is not a person alleged to have acted under color of state law. (*See* ECF No. 6, at 6.) "A civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law; plaintiffs do not enjoy Fourteenth Amendment protections against 'private conduct abridging individual rights.'" *See Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful . . . .'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))).

Although the Court identified this issue and granted Plaintiff leave to amend to address it, explaining that "something more" must be alleged for the apparently private conduct alleged in the Complaint to constitute governmental action, the First Amended Complaint still fails to state a claim. (*See* ECF No. 6, at 7 (explaining that "[C]ourts have used four different factors or tests to identify what constitutes 'something more': (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982))).) Plaintiff does not allege facts plausibly showing that K.U.S.I. News Media performed any public function traditionally reserved to the state, acted as a willful participant in joint action with government agents, was compelled or coerced by, or had any connection whatsoever with, the state when it allegedly failed to "tileize" Plaintiff's face in a video recording of his sentencing hearing. *See Iqbal*, 556 U.S. at 678; *Lugar*, 457 U.S. at 939.

Plaintiff has also failed to address a second deficiency identified by the Court in

dismissing his initial Complaint: the absence of an alleged violation of any "right secured by the Constitution or laws of the United States." *See West*, 487 U.S. at 48 (citing 42 U.S.C. § 1983). Defamation is not actionable under Section 1983. *See Paul v. Davis*, 424 U.S. 693, 699–701 (1976); *Whatley v. Gray*, No. 3:17-cv-01591-DMS-NLS, 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018) ("[C]laims of 'defamation of character' . . . , libel, or slander do not rise to the level of a federal constitutional violation." (internal citation omitted)); *Char v. KHON*, No. 18-cv-00304 LEK-KJM, 2018 WL 5284191, at *1, *3 (D. Haw. Oct. 24, 2018) (dismissing sua sponte pursuant to 28 U.S.C. Section 1915(e)(2) a Section 1983 complaint brought by a prisoner alleging that three media outlets and their unidentified employees committed "slander/ defamation, reputational injury, [and] libel by broadcasting false information" about him on the nightly news after his arrest and during criminal proceedings). And although Plaintiff's First Amended Complaint invokes due process, a federal constitutional right, a violation of due process requires state action—an element that, as explained above, has not been alleged in any of Plaintiff's pleadings.

For all these reasons the Court dismisses Plaintiff's Complaint in its entirety for failing to state a claim upon which Section 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1126–27; *Watison*, 668 F.3d at 1112.

### D.     Leave to Amend

Because Plaintiff has already been provided notice of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds that granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

**II. Conclusion and Orders**

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. Section 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

**DATED: January 14, 2020**

Hon. Cynthia Bashant
United States District Judge

6

3:19-cv-01455-BAS-AGS